

# NUMBER 13-08-00172-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ELIBORIO CANTU,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                               **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Chief Justice Valdez

In 2003, appellant, Eliborio Cantu, was indicted for the offense of possession of more than 50 pounds but less than 2000 pounds of marihuana, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(5) (Vernon 2003). Cantu entered into a plea agreement with the State in which he pleaded *nolo contendere* to the indicted offense in exchange for a recommendation by the State that he receive deferred

adjudication and be placed on community supervision for five years.  *See* TEX. CODE CRIM.

PROC. ANN. art. 42.12 (Vernon Supp. 2008).  At a hearing on May 3, 2004, the trial court

accepted the plea agreement, deferred adjudication, placed Cantu on community

supervision, and assessed a $5,000 fine.

On January 22, 2007, the State moved to revoke Cantu's community supervision

and adjudicate guilt on the grounds that he violated community supervision terms by, *inter*

*alia*, committing the offense of possession of marihuana on October 12, 2006.  Cantu

answered "true" to several of the allegations made in the motion to revoke.  The trial court

granted the State's motion, rendered a judgment of guilt, sentenced Cantu to twenty years'

confinement, ordered the sentence to run concurrently with a six-year federal sentence for

narcotics trafficking, and assessed a $10,000 fine.  Cantu's court-appointed appellate

counsel has filed an *Anders* brief.  We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Cantu's court-appointed

appellate counsel has filed a brief with this Court, stating that his review of the record

yielded no grounds or error upon which an appeal can be predicated.  Although counsel's

brief does not advance any arguable grounds of error, it does present a professional

evaluation of the record demonstrating why there are no arguable grounds to be advanced

on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In

Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel

finds none, but it must provide record references to the facts and procedural history and

set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex.

App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex.

Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Cantu's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Cantu, and (3) informed Cantu of his right to review the record and to file a *pro se* response within thirty days.[1]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and Cantu has filed a *pro se* response in which he argues that his trial counsel provided ineffective assistance.  *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record, counsel's brief, and Cantu's *pro se* response, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

---

[1]  The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Cantu's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Cantu and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

ROGELIO VALDEZ
Chief Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 2nd day of July, 2009.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.